**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**SENG-TIONG HO** and **YINGYAN HUANG,**    )
                                         )
         Plaintiffs,          )
                                         )
     v.                    )   No. 07 C 4305
                                         )
**ALLEN TAFLOVE** and **SHIH-HUI CHANG,**   )
                                         )
         Defendants.      )

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiffs Seng-Tiong Ho ("Ho") and Yingyan Huang ("Huang") filed an action for copyright infringement, false designation of origin, unfair competition, conversion, fraudulent misrepresentation, and trade secret misappropriation based on the use of their scientific works in several publications authored by defendants Allen Taflove ("Taflove") and Shih-Hui Chang ("Chang"). Defendants filed for summary judgment on all claims and on January 15, 2010, I granted their motion.  Twenty-eight days later, plaintiffs filed the pending "motion to reconsider" the grant of summary judgment on two of the six original claims - copyright infringement (Count I) and conversion (Count IV).  For the following reasons, plaintiffs' motion is denied.

I.

There is technically no "motion to reconsider" under the Federal Rules of Civil Procedure ("FRCP"); however, there are motions to amend or alter judgment under FRCP 59(e) and motions for

relief from judgment under FRCP 60(b).[1]  Whether a motion for reconsideration should be analyzed under FRCP 59(e) or 60(b) depends on the substance of the motion, not on the timing or label affixed to it.  *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008)(citations omitted).  The pending motion is labeled a FRCP 60(b) motion, but seeks to alter my decision to grant summary judgement in favor of defendants on plaintiffs' conversion and copyright infringement claims.  It is therefore properly considered under FRCP 59(e).  *See Obriecht*, 517 F.3d at 494.

Altering or amending a judgment pursuant to FRCP 59(e) is permissible only when there is newly discovered evidence or where there has been a manifest error of law or fact.  *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)(citations omitted).  A manifest error is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).  Submitted with their twenty-page motion to reconsider, plaintiffs include four large volumes of exhibits, all of which were available to them on summary judgment.  *See Caisse Nationale de Credit Agricole v. CBI Indus. Inc.*, 90 F.3d 1264, 1269-70 ("A party seeking to defeat a motion for summary judgment is required to

---

[1]  A motion filed under FRCP 59(e) must be filed within twenty-eight days of the entry of judgment, while a FRCP 60(b) motion must be filed "within a reasonable time" and, for certain specified reasons, no more than a year after the entry of judgment. Fed. R. Civ. P. 59(e), 60(c)(1).

'wheel out all its artillery to defeat it.'")(citations omitted).

"Belated factual or legal attacks are viewed with great suspicion...[and r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id*. Plaintiffs contend that the grant of summary judgment on Counts I and IV was based on manifest errors of fact and law. I review plaintiffs' arguments in light of what was presented by both parties at summary judgment.

## II.

First, with respect to conversion of physical property, defendants argued that plaintiffs could not prove their conversion claim because they flatly admitted defendants did not take any of their physical property. (Defs.' SJ Mem. 11.) They also argued that plaintiffs had no claim for conversion of intangibles because Illinois law does not recognize conversion of ideas where there is no deprivation of the subject property. *Id*. This argument was supported by citation to *FMC Corp. v. Capital Cities/ABC Inc.*, 915 F.3d 300 (7th Cir. 1990) and *In re Thebus*, 483 N.E.2d 1258 (Ill. 1985), and the following evidence taken from plaintiffs' own depositions:

> Q. Are you aware of Allen Taflove or Gilbert Chang physically taking any of your property, such as physically removing your notebook or physically removing your documents, your papers?
> A. Not that I'm aware of.

(SOF ¶ 55; Huang Dep., SOF Ex. D at 210:12-16.)

>    Q.   Professor Ho, to your knowledge, has Gilbert Chang
>         or Allen Taflove taken anything of yours, such as
>         physically removed your notebook, something like
>         that?
>    A.   ...your not talking about intellectual property;
>         your talking about physically removing something?
>    Q.   Physically removing something, like your notebook
>         or your actual pieces of paper.
>    A.   No.

(SOF ¶ 55; Ho Dep, SOF Ex. E at 471:20-472:5.)

In response to defendants' summary judgment motion, plaintiffs argued that while defendants did not "steal" physical originals and copies of their works, plaintiffs gave them copies of Huang's thesis and figures, and copies and an original of "Ho's notebooks." (SJ Resp. 12.) The cited evidence indicated that Chang was given copies of Huang's thesis and figures, but did not mention whether or not defendants were given originals or copies of Ho's notebooks too. *Id.* (citing PSAF ¶¶ 18-21).

In the present motion, plaintiffs argue that their conversion claim was based not only on Huang's works and "Ho's notebooks," but also on computer code co-developed by Chang and Ho in 1999 and Chang's 2002 research notebook, which apparently was issued by Ho. (Mot. 17.) Plaintiffs are wrong. They did not mention either the computer code or Chang's 2002 notebook in their original summary judgment argument or evidence. (*Compare* SJ Resp. 12 (citing PSAF ¶¶ 18-21) *with* Mot. 17-18 (citing Mot. Ex. 2Q and PSAF Ex. A at ¶ 28); *Rai v. Dynagear, Inc.*, No. 98 C 6053, 2000 WL 875401, *9

(N.D.Ill. June 26, 2000)("Any argument based on a fact raised in a Rule [56.1] statement is waived if it is not asserted in the brief.")  In addition, the newly cited evidence consists of an averment by Ho that Chang took and did not return the 2002 research notebook and co-developed computer code.  (PSAF Ex. A at ¶ 28.) This evidence does not create an issue of fact as it directly contradicts Ho's and Huang's prior testimony that no notebooks or other physical property were taken.  (*Compare* SOF ¶ 55 *with* PSAF Ex. A at ¶ 28); see *Velez v. City of Chicago*, 442 F.3d 1043, 1049 (7th Cir. 2006)(noting that an issue of fact cannot be created by an affidavit that contradicts prior sworn testimony).  This same paragraph of Ho's affidavit also states that he gave Chang a copy of the 1999 notebook.  (PSAF Ex. A at ¶ 28.)  This evidence was not cited in plaintiffs' original summary judgment response, but even so, the affidavit does not explain what happened to the original notebook, and Ho previously testified that defendants did not take it.  (SOF ¶ 55; PSAF Ex. A at ¶ 28.)

Because the evidence presented on summary judgment, at best, showed defendants only had copies of some of plaintiffs' works, I found plaintiffs' claim for conversion of tangible goods could not survive summary judgment and cited *FMC Corp. v. Capital Cities/ABC, Inc.*, 915 F.2d 303-04 (7th Cir. 1990) as support for that finding. *FMC Corp*. clearly states that "possession of copies of documents - as opposed to the documents themselves - does not amount to an

interference with the owner's property sufficient to constitute conversion...the owner is in no way being deprived of the use of his property.  The only rub is that someone else is using it as well."  *Id.* (citations omitted).

Plaintiffs contend that *FMC Corp.* requires defendants to provide evidence showing plaintiffs retained originals or the functional equivalent of originals of their works.[2]  (Mot. 18.)  I do not read it to require that specific showing.  Regardless, plaintiffs admitted in their depositions that defendants did not take any physical property, including any notebooks.  The evidence on summary judgment supporting conversion of tangible goods only showed defendants were given a copy of Huang's thesis and figures. The logical conclusion is that Huang kept the originals.  In fact, she must have retained her originals as she published them in mid-2002.  The same logical conclusion applies to "Ho's notebooks," which were mentioned, but not supported by evidence, in plaintiffs' summary judgment response.  Ho's affidavit, cited in the pending

---

[2]  Plaintiffs also suggest *FMC Corp.* does not apply because California conversion law was at issue.  But in that decision, the Seventh Circuit specifically noted that its holding applied not only to California law, but also to the conversion laws of most states because "[t]he principles of what conduct constitutes conversion are universal."  *Id.* at 302-03, n.2. (quoting *P.M.F. Servs. Inc. v. Grady*, 703 F.Supp. 742, 743 n.1 (N.D.Ill. 1989). Plaintiffs fail to explain how Illinois law differs from the conversion laws of California and "most states" such that *FMC Corp.* would not apply here.  *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)("perfunctory and undeveloped arguments...are waived.")

motion, does state that Ho gave Chang a copy of the 1999 notebook, but if he also failed to retain the original notebook, he could and should have said so. Defendants met their burden on summary judgment.

Finally, with regard to conversion of intangibles, plaintiffs argue I failed to consider certain key evidence that salvages their claim. However, the evidence cited with this argument was not included in their response on summary judgment. *Compare* SJ Resp. 12 *with* Mot. 18-19; *see also Corley v. Rosewood Care Center, Inc.*, 388 F.3d 990, 1001 (7th Cir. 2004) (explaining that where plaintiff fails to cite the record, "we will not root through the hundreds of documents and thousands of pages ... to make his case for him."); *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)("Judges are not like pigs, hunting for truffles buried in [the record].") They also contend I should not have found that "the evidence does not suggest defendants ever prevented Ho and Huang from conducting, controlling, accessing, using, or publishing their research," because defendants did not raise that issue. (Op. 13.) But that statement was made to distinguish plaintiffs' claim from that of the plaintiff in *Bilut v. Northwestern Univ.*, 692 N.E.2d 1327 (Ill. App. Ct. 1998) – a case plaintiffs argued was on point and applicable, which defendants refuted in reply. Accordingly, I find no manifest error of law or fact on this issue.

III.

Plaintiffs also take issue with my alternative finding that their conversion claim is pre-empted by the Copyright Act. First, they argue that because I found portions of plaintiffs' works were not copyrightable, I was wrong to find preemption. This argument confuses copyrightability with the subject matter covered by the Copyright Act. *Nash v. CBS, Inc.*, 704 F.Supp. 823, 832 (N.D. Ill. 1989), aff'd, 899 F.2d 1537 (7th Cir. 1990)("State law claims do not avoid preemption simply because they are based upon the improper use of uncopyrightable material contained in works properly subject to copyright.")(citations omitted.); see *also Berge v. Bd. of Trustees*, 104 F.3d 1453, 1463 (4th Cir. 1996).

Alternatively, plaintiffs argue that there remain fact issues as to whether the conversion claim goes beyond mere reproduction of plaintiffs' works. To the extent those issues have already been substantively addressed, I disagree for the reasons given. If this argument is based on other fact issues, plaintiffs were obliged to explain them and cite evidence supporting them. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)("perfunctory and undeveloped arguments...are waived.")

III.

With respect to the copyright infringement claim, I reviewed plaintiffs' sixteen-page argument on the present motion in light of their three-page summary judgment response, and the twelve

statements of fact cited therein. (*Compare* Mot. 1-16 *with* SJ Resp. 5-8.) I find no reason to alter or amend judgment on the copyright infringement claim. First, plaintiffs improperly add new arguments and authority, and cite to a variety of previously available evidence not included with their original summary judgment arguments. *Id*. I do not consider any of these materials now. If plaintiffs believed them to be relevant and instructive, they should have submitted them on summary judgment. *See Caisse Nationale*, 90 F.3d at 1269-70.

Second, to be clear, contrary to plaintiffs' contentions, I did not decide that plaintiffs' copyright registrations were wholly invalid or that their overall works were not copyrightable. (*See* Op. 5-10.) I also did not decide that scientific works and figures generally are not copyrightable. *Id.* According to the plaintiffs, only certain portions of the registered works were copied and at issue in their lawsuit, namely, the model formulation, the derivation of equations, and related figure drawings. (SJ Resp. 7.) Defendants did not dispute this, so I reviewed the law and evidence presented by the parties with these specific pieces of plaintiffs' works in mind.

In their motion, defendants cited persuasive authority in support of their argument that 1) plaintiffs' mathematical model, regardless of the form of expression or illustration, is excluded from copyright protection pursuant to § 102(b) of the Copyright Act

(*e.g.* plaintiffs' works were merely expressions or illustrations of a procedure, process, system, method of operation, concept, principle, or discovery) and 2) the merger doctrine was applicable. (Defs.' SJ Mem. 7.) Because plaintiffs did not respond with convincing authority, argument, or evidence suggesting otherwise, I found their copyright infringement claim could not withstand summary judgment. (SJ Resp. 5-8, citing PSAF ¶¶ 1-12.; Op. 5-10.) In fact, the evidence cited in plaintiffs' response specifically describes the model, and its formulation and derivation of equations, as Ho's "concept" and "principle" and fails to address copyrightability of the figure drawings altogether. (SJ Resp. 5-8, citing PSAF ¶¶ 1-12.)

Plaintiffs also did not explain how their concepts and principles could be alternatively expressed or illustrated so as to avoid application of the merger doctrine. Their response, without any authority or evidence, was simply that the doctrine was not relevant because "[t]here are countless ways a fundamental principle can be reduced into other equations," "there are numerous ways of depicting the results of a scientific experiment or model," and "there are countless ways to capture these ideas in tangible written text." (SJ Resp. 8.) If there really are "countless" ways of expressing the copied works, plaintiffs should have easily been able to give at least one example of an alternative rendering.

The remaining arguments merely re-hash plaintiffs' take on the

authority presented on summary judgment and referenced in my opinion.  I simply disagree with plaintiffs' interpretation and application of those cases and find no manifest error of law requiring alteration or amendment of my decision to grant summary judgment.

IV.

For the foregoing reasons, plaintiffs' motion is denied.


**ENTER ORDER:**


Dated: April 9, 2010

**Elaine E. Bucklo**
United States District Judge