# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4305 | **DATE** | 12/20/2010 |
| **CASE TITLE** | Ho et al. v. Taflove et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion for attorneys' fees and other nontaxable expenses [141] is granted in part and denied in part. Plaintiffs' motion to strike [173] is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Defendants seek fees and costs in connection with two of the plaintiffs' seven claims. First, they seek $745,582 in fees and costs relating to plaintiffs' copyright claim. "[A] defendant that prevails in copyright litigation is presumptively entitled to fees under [17 U.S.C.] § 505." *FM Industries, Inc. v. Citicorp Credit Services, Inc.*, 614 F.3d 335, 339-40 (7th Cir. 2010) (citations omitted). The Seventh Circuit has explained that "[w]hen a court exercises its discretion to award attorney's fees under § 505 it should consider such non-exclusive factors as frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 571 (7th Cir. 2003) (quotation marks omitted). However, "[t]he two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages or other relief the party obtained." *Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 436-37 (7th Cir. 2004) (citations omitted).

Having taken these factors into account, there can be no doubt that defendants are entitled to attorneys' fees. The strength of defendants' case is obvious. This suit was not a "toss-up" that might have been resolved in favor of either party; rather, defendants prevailed on each of plaintiffs' claims at the summary judgment stage. Moreover, consideration of the amount of relief obtained in the litigation also strongly favors defendants. The Seventh Circuit has gone "so far as to suggest . . . that

the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees," and that when "the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong." *Id.* at 437. Given that defendants received no award as a result of the litigation, they are entitled to this presumption. Beyond these two most important factors, other considerations further support the defendants' entitlement to fees. There is significant evidence, for example, that the suit was motivated in key part by personal animosity.

Plaintiffs object that the $745,582 amount sought by defendants is unreasonable. For example, plaintiffs contend that the amount that the defendants seek to recover is disproportionate to the amount in controversy in the litigation. Significantly, however, the Seventh Circuit has "not formulated any mechanical rules requiring that a reasonable attorney's fee be no greater than some multiple of the damages claimed or recovered." *See Connolly v. National Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1998). Nor does disproportionality necessarily make a fee award unreasonable. *Moriarty v. Svec*, 233 F.3d 955, 968 (7th Cir. 2000). Here, at any rate, plaintiffs' disproportionality argument is unable to gain any footing because, as defendants point out, plaintiffs have refused throughout the litigation to specify the amount in controversy.

Plaintiffs also object that defendants' request for fees and costs has not been properly apportioned among the complaint's seven counts. I disagree. Defendants have clearly explained and documented the steps they have taken to ensure that the fees and expenses relating to the copyright claim were segregated from those relating to plaintiffs' other claims. Where time entries failed to distinguish between work devoted to the various claims, defendants apportioned sixty percent of the time to the copyright claim and forty percent to the remaining claims, based on the premise that the copyright claim was the main cause of action in the case and the others were tag-along claims. This method of calculation is entirely sound, particularly in light of Seventh Circuit precedent holding that "when time is spent jointly preparing two distinct claims, the fact that one claim produces no recovery will not deprive the plaintiff of every hour spent in joint preparation." *Nanetti v. University of Illinois at Chicago*, 944 F.2d 1416, 1419 (7th Cir. 1991).

Plaintiffs also have questioned the hourly rate charged by attorney David K. Haase ("Haase"). According to plaintiffs, "Haase charged a whopping $405 per hour in the beginning of this case, and in two years, in the teeth of the country's recession, Haase's fees went up to $450 per hour. In comparison, the Plaintiffs' lead counsel's fee is substantially lower, at $250." Pls.' Resp. at 25. In response, defendants have submitted examples of Haase's bills in other cases in which he charged the same hourly rate (or a higher one) than that charged in this case. Furthermore, defendants have cited cases in which courts have approved a similar hourly rate for attorneys with experience comparable to Haase's. *See* Defs.' Reply at 20.

**STATEMENT**

In addition to the above-mentioned issues, plaintiffs raise a litany of other complaints. For example, they maintain that defendants took unnecessary depositions; that defense counsel performed work that should have been assigned to associates and clerical staff; and that the defendants' expert fees are not justifiable. Having reviewed the parties' arguments and the relevant records, I am unpersuaded. Accordingly, I grant defendants' request for attorneys' fees in the amount of $745,582 for plaintiffs' copyright claim.

Defendants also seek to recover $12,518 for fees and costs relating to plaintiffs' claim under the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/5. The ITSA provides that if "a claim of misappropriation is made in bad faith . . . , the court may award reasonable attorney's fees to the prevailing party."). While the plaintiffs' ITSA claim was of dubious merit, I cannot say that it was asserted in bad faith. Accordingly, insofar as defendants' motion seeks attorney's fees under the ITSA, it is denied.

Finally, after defendants filed their reply brief in connection with the instant motion, plaintiffs filed a motion to strike what they characterize as new arguments raised in the reply. However, these "new" arguments are either irrelevant to deciding this motion or are legitimate responses to questions and arguments raised in plaintiffs' response brief. *See, e.g.*, *North v. Madison Area Ass'n for Retarded Citizens-Developmental Centers Corp.*, 844 F.2d 401, 405 n.6 (7th Cir. 1988) ("[W]here an appellee raises an argument not addressed by the appellant in its opening brief, the appellant may reply.") (brackets and quotation marks omitted). Accordingly, the motion to strike is denied.

For these reasons, defendants' motion for attorneys' fees and other nontaxable expenses is granted in part and denied in part. Defendants are awarded $745,582 for expenses relating to plaintiff's copyright claim. I deny the motion insofar as it seeks $12,518 for fees and costs relating to the plaintiffs' Illinois Trade Secrets Act.